JERRY E. SMITH,
Circuit Judge, dissenting:
I respectfully dissent from the majority’s conclusion that Central Bank’s motion for costs and attorneys’ fees was timely under Fed. R. Civ. P. 54(d)(2), which reads: “Unless otherwise provided by statute or order of the court, the motion [for fees and costs] must be filed and served no later than 14 days after entry of judgment....” The district court’s local rule 54.3, on the other hand, allows 30 days for filing such a motion. See E.D. La R. 54.3. The question, which the majority accurately identifies, is whether the enactment of a local rule, by order of the judges of the district court, satisfies rule 54(d)(2)’s requirement that an extension beyond 14 days be “by order of the court.”
If unburdened by caselaw or other indications of what is intended by the rule, I would read the words “order of the court” to mean a specific order of a district judge in a given case, extending the time for filing a fee motion in that case. That initial impression is reinforced considerably by a survey of the Federal Rules of Civil Procedure, in which there are several instances in which the writers have used “rules” and “orders” to mean distinctly different things.
For example, Fed. R. Civ. P. 6(a) gives directions for “computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute.... ” This is an undeniable indication that “order of court” is not synonymous with “local rules of any district court”; otherwise, rule 6 would contain a redundancy.
Likewise, Fed. R. Civ. P. 26(a)(1) requires certain initial disclosures “[e]xcept to the extent otherwise stipulated or directed by order or local rule ....” (Emphasis added.) Rule 30(d)(2), Fed. R. Civ. P., is to the same effect, stating that “[b]y order or local rule, the court may limit the time permitted for the conduct of a deposition.” (Emphasis added.) Rule 73(a), Fed. R. Civ. P., provides that magistrate judges may preside over civil cases “[w]hen designated ... by local rule or order of the district court....” (Emphasis added.) Rule 77(c), Fed. R. Civ. P., says “[a] district court may provide by local rule or *314 order that its clerk’s office shall be open” at certain times. (Emphasis added.)[1]
All of these excerpts from the Federal Rules of Civil Procedure indicate, with precision, that court orders are not the same thing as local rules. It can be no accident that this distinction appears repeatedly in the rules.
The majority aptly cites the only circuit authority on this question, Johnson v. Lafayette Fire Fighters Ass’n, 51 F.3d 726, 728-30 (7th Cir.1995). Johnson is not binding on this court, and I would hold that it is error. Despite its informative elucidation of the development of federal and local rules, Johnson does not address any of the problems with its approach that I have mentioned.
Johnson properly has been criticized by a leading treatise:
The adoption of Rule 54(d)(2) was intended to provide a uniform time for fee motions and to ensure that the fee opponent has notice of the motion in time to affect the decision to appeal.... If local rules are allowed to displace rule 54(d)(2), these purposes of the national rule will be defeated. In allowing the provisions of Rule 54(d)(2) to be displaced by an “order of the court,” the drafters were merely recognizing that, in some cases, an order extending the time period would be more fair to the litigants. Moreover, in simultaneous amendments, the drafters expressly provided that the disclosure requirements of Rule 26 could be altered by “order or local rule,” thus demonstrating that they knew and understood the distinction between an order and a rale.
10 James Wm. Moore et al., Moore’s Federal Practice § 54.151[2][b], at 54-219 (3d ed.1997). I agree with these sentiments and, accordingly, would reverse.[2]

. The same distinction is suggested by the fact that Fed. R. Civ. P. 54(d)(2)(D) permits courts to establish procedures for resolving attorneys' fees issues "[b]y local rule,” whereas Fed R. Civ. P. 54(d)(2)(B) — the subrule at issue here — refers only to exceptions "by statute or order of the court.” I doubt the contrasting language within the same rule 54 is accidental.
Finally, Fed. R. Civ. P. 83 advisory committee's note draws the same distinction. It explains that "[t]he last sentence of Rule 83 has been amended to make certain that standing orders are not inconsistent with ... any local district court rules." (Emphasis added.)

. As an alternative justification for its holding, the majority relies on Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 367 (5th Cir.1995). Hetzel has nothing to do with rule 54(d)(2)(B), and, more importantly, it does not address the fact that rule 6(b)(2) requires that, once a deadline has expired (as occurred in the instant case), leave to file late can be granted only "upon motion made." The Supreme Court said so explicitly in construing rule 6(b) in Lujan v. National Wildlife Fed’n, 497 U.S. 871, 896, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990): "[A]ny post deadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect.’ ” In other words, there is no discretion to grant a post-deadline extension absent a motion and showing of excusable neglect.
Hetzel is distinguishable on the ground that that court had already granted an order that had the effect of extending the time for filing. There is a real difference between a case in which the court’s authority to extend a deadline has already been invoked and a case in which it has not. In Hetzel, the court’s allowance of the late filing can be read as a sua sponte modification of the original order allowing an extension or, alternatively, as an exercise of authority under the rubric of the original order.
In Jones, on the other hand, the court's authority had not been invoked, and the court never undertook a legitimate exercise of that authority. In other words, the Jones court — albeit with the best of intentions — was not following up on the pre-existing exercise of its equitable authority to extend a filing deadline, but rather was excusing a late filing in a wholly unauthorized way. I also note that in Hetzel, the panel placed considerable reliance on the fact that the extension was for only one day.